UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLEN HAISLEY                                        CIVIL ACTION

VERSUS                                             NO: 19-9224

VICTORIA REEDER ET AL.                             SECTION "H"

ORDER AND REASONS

On November 4, 2020, this Court ordered all parties to show cause as to why this Court does or does not have subject matter jurisdiction. Before the Court are the parties' responses to this Court's Order (Docs. 29, 31, 32, 33). For the following reasons, this matter is REMANDED.

BACKGROUND

This case arises out of a motor vehicle accident that occurred on November 24, 2017. Plaintiff, Glen Haisley, was operating a 2002 Ford Expedition when he was struck by a vehicle driven by Defendant Victoria Reeder ("Reeder") and owned by William Reeder, Sr. On November 13, 2018, Plaintiff filed a Petition for Damages in Louisiana state court against Reeder; State Farm Mutual Automobile Insurance Co.; Rasier, LLC ("Rasier");[1] James River Insurance Company ("James River"); Lyft, Inc.; and Steadfast Insurance, Co., alleging, in part, that Reeder was at fault for the accident and that Reeder

---

[1] Plaintiff improperly named Rasier as Rasier, LLC d/b/a Uber. In Rasier's Corporate Disclosure Statement, Rasier explains that Rasier, LLC is a limited liability company with Uber Technologies, Inc. as its sole member. *See* Doc. 5.

was in the course and scope of her employment with Lyft and Uber at the time of the collision.

On November 15, 2018, Plaintiff entered into a settlement agreement whereby he agreed to release State Farm, Victoria Reeder, and William Reeder Sr. from any and all claims arising out of the accident.[2] On April 10, 2019, Defendant Rasier removed the matter to federal court on the basis of diversity jurisdiction. In Rasier's Notice of Removal, Rasier acknowledged that both Plaintiff and Defendant Reeder are citizens of the state of Louisiana and that diversity jurisdiction was lacking on the face of Plaintiff's complaint. Rasier argued, however, that "[i]t is well-established that defendants who have settled their claims are considered nominal parties, who are not considered for purposes of diversity jurisdiction."[3] Rasier therefore asserted that diversity jurisdiction was not destroyed by Reeder's presence as Plaintiff had improperly joined Reeder to defeat diversity jurisdiction. Plaintiff did not contest this assertion or move to remand the action.

On December 19, 2019, Plaintiff filed a Motion for Leave to File Amended Pleading. In the Motion, Plaintiff stated that "Plaintiff has consulted with opposing counsel for all remaining parties that have been served and those parties have NO OBJECTION to the filing of an Amended Complaint."[4] This Court granted Plaintiff's Motion for Leave, and Plaintiff filed his First Amended Complaint. Plaintiff's First Amended Complaint includes new claims against Reeder, alleging that Reeder's fraudulent refusal to acknowledge that she was within the scope of her employment with Uber at the time of the collision has caused Defendants Rasier and James River to deny Plaintiff

---

[2] *See* Doc. 1-3.
[3] Doc. 1 at 4 (citing Taco Tico of New Orleans, Inc. v. Argonaut Great Central Ins. Co., No. 09-3502, 2009 WL 2160436, at *2 (E.D. La. July 16, 2009)).
[4] Doc. 12 at 1.

coverage.[5] Reeder was served for the first time in this federal action on April 27, 2020.

On June 12, 2020, Reeder filed a Motion to Dismiss for Failure to State a Claim. In reviewing Reeder's Motion, this Court recognized that it may lack subject matter jurisdiction. Accordingly, on November 4, 2020, this Court ordered Plaintiff to show cause as to why his claims against Victoria Reeder are not improperly joined and ordered Defendants Rasier, James River, and Reeder (collectively "Defendants")[6] to show cause as to why this Court had, and continues to have, subject matter jurisdiction. Each party has filed a response to this Court's Order as directed. The matter is now before the Court.

## LAW AND ANALYSIS

Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[7] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[8] On its face, this matter lacks complete diversity. Plaintiff and Defendant Reeder are each citizens of Louisiana. Defendants argue, however, that Reeder's presence should not destroy diversity as Plaintiff cannot succeed on his claim against Reeder. Defendants thus argue that Reeder was fraudulently joined.

"Fraudulent joinder can be established by demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the

---

[5] Doc. 14 at 4.
[6] Defendants State Farm Mutual Automobile Insurance Company, Lyft Inc., and Steadfast Insurance Company were dismissed from this action prior to Plaintiff's filing his First Amended Complaint.
[7] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[8] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

plaintiff to establish a cause of action against the non-diverse party in state court.'"[9] Generally, the court conducts an analysis similar to that employed in the context of Rule 12(b)(6), asking whether there is a legal basis for recovery assuming the facts in the complaint as true.[10] In certain circumstances, however, the court may pierce the pleadings and conduct a summary inquiry. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[11] The court evaluates all of the contested factual allegations in the light most favorable to the plaintiff and resolves any uncertainties in the controlling state's substantive law in the plaintiff's favor.[12] The burden of showing fraudulent joinder is a "heavy one."[13]

Defendant Rasier argues that Reeder was fraudulently joined at the time Rasier removed this suit to this Court. In the Notice of Removal, Rasier alleged that the settlement agreement between Plaintiff and Reeder precluded Plaintiff's success on any potential claim against Reeder. The Agreement provides, in pertinent part:

> the undersigned hereby releases and forever discharges State Farm Mutual Automobile Insurance Company, William K. Reeder Sr[.], *Victoria Reeder . . . from any and all claims, demands, damages, actions, causes of action, or suits of any kind of nature whatsoever*, and particularly on account of all bodily injuries known and unknown, which has resulted or may in the future develop from an accident which occurred on or about the 24th day of November, 2017, at or near Jackson Ave[.] & Oretha Castle Haley Blvd[.], New Orleans, LA."[14]

---

[9] Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006).
[10] Smallwood v. Ill. Cent. R.R Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).
[11] *Id.*
[12] Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003).
[13] *Id.* at 649.
[14] Doc. 1-3 (emphasis added).

Finding the Agreement clear and unambiguous, this Court agrees with Rasier that Plaintiff could not have succeeded on his claims against Reeder at the time of removal.[15] A finding that Reeder was fraudulently joined at the time of removal does not, however, equate to a finding that this Court retained jurisdiction after Plaintiff amended his complaint to add new claims against Reeder.

On December 20, 2019, Plaintiff filed his First Amended Complaint, which included new claims against Reeder for fraud. Defendants contend that Plaintiff's new claims against Reeder do not divest this Court of jurisdiction because the settlement agreement precludes any chance of Plaintiff's success on his claims and because Plaintiff's pleading of fraud is factually unsupported. Defendants thus argue that this Court can simply ignore Reeder's non-diverse character because the claims against Reeder are invalid. Yet, Defendants do not explain how this Court retained jurisdiction to review the validity of Plaintiff's new claims.

Defendants essentially ask this Court to apply the fraudulent joinder doctrine to Plaintiff's Amended Complaint. However, "the fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed."[16] In *Cobb v. Delta*, the Fifth Circuit explained:

> This makes sense: A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (*i.e.,* a request fraudulently to join a party) would never be granted. Section 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by

---

[15] *See* Fortier v. State Farm Mut. Auto. Ins. Co., No. CIV. A. 99-2136, 1999 WL 717638, at *3 (E.D. La. Sept. 13, 1999) (finding fraudulent joinder where a settlement agreement between the plaintiff and the non-diverse defendants precluded any possibility that plaintiff might prevail on a claim against the non-diverse defendants in state court).

[16] Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999).

arguing that there is no colorable claim against the party the plaintiff is seeking to join. There is no need, then, for a doctrine that ignores parties who are fraudulently joined after removal, for such parties would never be allowed to become defendants in the first place.

Accordingly, the diverse party opposing joinder must contest the post-removal joinder of the non-diverse party before the court allows amendment of the complaint.[17] "[O]nce a court permits post-removal joinder of a non-diverse defendant . . . '[t]he court [loses] subject matter jurisdiction,' and remand is required pursuant to 28 U.S.C. § 1447(e)."[18]

Here, like in *Cobb*, Plaintiff's Motion for Leave to file his First Amended Complaint was unopposed. At the time this Court allowed Plaintiff to join new claims against Reeder, this Court "lost subject matter jurisdiction and thus had no power even to consider whether fraudulent joinder applied" or examine the validity of Plaintiff's claims.[19] Further, Defendants did not timely apprise this Court of the jurisdictional deficiency or seek to vacate this Court's order of joinder.[20] This Court therefore no longer has jurisdiction over the matter, and remand is required.

## CONCLUSION

For the foregoing reasons, this matter is REMANDED to the Civil District Court for the Parish of Orleans.

---

[17] Borden v. Allstate Ins. Co., 589 F.3d 168, 171 (5th Cir. 2009).

[18] *Id*. (quoting 28 U.S.C. § 1447(e)). Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

[19] *Cobb*, 186 F.3d at 678.

[20] *See Borden,* 589 F.3d at 172 ("*Cobb* seems to create a trap for the unwary diverse defendant, or a device exploitable by a clever plaintiff. But the district court, properly apprised of *Cobb,* could have either denied Ruiz's joinder to begin with, or it could have vacated its order of joinder. Allstate neither timely apprised the court nor sought vacatur.").

6

New Orleans, Louisiana this 7th day of January, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**